**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **FREDRICK DEAN,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 15-97Erie** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF ERIE POLICE** | ) | |
| **DEPARTMENT, et al,** | ) | **Magistrate Judge Baxter** |
| **Defendant.** | ) | |


## MEMORANDUM OPINION[1]

M.J. Susan Paradise Baxter


Plaintiff, currently a state prisoner, brought this civil rights action for false arrest under

42 U.S.C. §1983. Named as Defendants are the City of Erie Police Department and Officer

Jonathan L. Nolan.



### A. Plaintiff's Allegations

In his complaint, Plaintiff alleges:

> Officer Jonathan L. Nolan illegally arrested the flesh and blood being and charged him without a signature upon contract, or affidavit of probable cause and stealing money or credit from the beneficiary.
>
> I Fredrick Dean is [sic] illegally charge and held in the Erie County Prison. I have not seen any papers that show any charges exist[.] For there to be charges to exist they have to be sworn and certified into the record, but for any government official to swear or certify my charges into the records they will be committing perjury on there [sic] behalf, and I requested that the Commonwealth develop and establish the record:

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

1

1) Certification, sworn and under oath of perjury that the charges encompassed in the case number CP-25-0003379-2014 were actually certified and bondable.
2) Criminal case bonding information.
3) Commercial bond certification.
4) Certified true and correct copies of the bonds with the identification number.
5) Certified identification or accounting or the amount secured per bond per each offense charged by Erie County Police Dept/Officer Lt. J. Nolan, Badge #288.
6) Certified proof or evidence or prior liability in the foregoing case number 3379-2014 signature upon a contract, affidavit of probable cause by an injured party that I have or previously committed a tort against.

Erie Police Department/Officer Lt. J. Nolan/ Badge #288 false arrest the flesh and blood being Fredrick Dean whom held the position of beneficiary on any document filed into the Department of Commerce in Washington D.C. on my live birth for the use of this credit.

ECF No. 3. As relief, Plaintiff seeks "discharge [of] all charges and monetary value for the damages and for the officer to be sanction accordingly." Id. This Court liberally construes the allegations of the complaint to raise a claim of false arrest under § 1983 against Officer Nolan and the Erie Police Department.

In response to the original complaint, Defendants filed a motion to dismiss. ECF No. 11. After the motion to dismiss was filed, Plaintiff made the following filings: "Affidavit of Probable Cause" [ECF No. 14]; "Addendum (Contest Motion) in Support of Affidavit of Probable Cause" [ECF No. 18]; "Amend to Leave to Contested Motion" [ECF No. 19]; and "Amend to Leave Information to Contested Motion" [ECF No. 20].

Plaintiff has also filed a motion for summary judgment [ECF No. 22]. Defendants have filed an opposition thereto [ECF No. 23] and Plaintiff has filed a reply brief [ECF No. 26]. These motions are fully briefed and are ripe for disposition by this Court.

### B. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

#### 2) Motion to dismiss pursuant to Federal Rule 12

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. See also Ashcroft v. Iqbal, 556

U.S. 662 (2009) (specifically applying <u>Twombly</u> analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. <u>See</u> <u>California Pub. Employee Ret. Sys. v. The Chubb Corp.</u>, 394 F.3d 126, 143 (3d Cir. 2004) <u>citing</u> <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. <u>Twombly</u>, 550 U.S. at 555, <u>citing</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). <u>See</u> <u>also</u> <u>McTernan v. City of York, Pennsylvania,</u> 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 556, <u>citing</u> 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." <u>Id</u>. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." <u>Smith v. Sullivan</u>, 2008 WL 482469, at *1 (D. Del.) <u>quoting</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." <u>Phillips</u>, 515 F.3d at 234, <u>quoting</u> <u>Twombly</u>, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the <u>Twombly/Iqbal</u> line of cases:

> To determine the sufficiency of a complaint under <u>Twombly</u> and <u>Iqbal</u>, we must take the following three steps:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

"The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." Tracinda Corp. v. DaimlerChrylser AG, 197 F.Supp.2d 42, 53 (D.Del. 2002) citing Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Indeed, the Supreme Court has held that a complaint is properly dismissed under Rule 12(b) where it does not allege "enough facts to state a claim to relief that is plausible on its facts," Twombly, 550 U.S. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The question is not whether the plaintiff will prevail in the end but, rather, whether the plaintiff is entitled to offer evidence in support of his or her claims. Swope v. City of Pittsburgh, 90 F.Supp.3d 400, 405 (W.D. Pa. 2015) citing Oatway v. American International Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).

### C. Defendants' Motion to Dismiss

#### 1) Failure to State a False Arrest Claim

Defendants move for dismissal of the false arrest claim based on lack of probable cause. In support of their motion to dismiss, Defendants have submitted judicial records from the underlying criminal case. This Court will take judicial notice of these documents (because they

are court records and because their authenticity is undisputed), but need not convert this motion

to dismiss into a motion for summary judgment.[2]

### *The State Court Records*

The Criminal Complaint, filed by Officer Nolan, indicates that Plaintiff: fired a handgun

in the direction of two police officers in a cruiser who were driving past him while Dean was in

the parking lot of TJ's Tavern; Dean possessed a loaded semi-automatic handgun for which he

did not possess a license; Dean possessed a small amount of heroin and drug paraphernalia; Dean

resisted arrest; and Dean attempted to flee the scene, throw away the handgun and hide in the

back room of TJ's Tavern. ECF No. 11-1, pages 1-5. Based on these actions, Plaintiff was

charged with two counts of attempted aggravated assault, two counts of recklessly endangering

another person, possession of a prohibited firearm, possession of a firearm without a license,

possession of controlled substance, possession of drug paraphernalia, resisting arrest, and

possession of an instrument of crime. ECF No. 11-2, page 3. These charges were bound over for

trial.

Plaintiff proceeded to a jury trial in June of 2015. A jury convicted Dean on six of the ten

counts: Person Not to Possess Firearms; Firearms Not to be Carried Without a License;

Possession of a Controlled Substance; Possession of Drug Paraphernalia; Resisting Arrest;

Possession of Instruments of Crime. Dean was acquitted on the two counts of reckless

endangerment and attempted aggravated assault. ECF No. 11-4.

### *Stating a False Arrest Claim*

To state a claim for false arrest, a plaintiff must allege: "1) that there was an arrest; and 2)

---

[2] See Pryor v. National Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) ("… certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to a Federal Rule of Civil Procedure 56 motion for summary judgment.").

that the arrest was made without probable cause." Dennis v. City of Bridgeton, 2006 WL

3359712, at *2 (D.N.J. 2006). The absence of probable cause is an essential element of the false

arrest claim. See Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988) ("The proper

inquiry in a § 1983 claim based on false arrest ... is not whether the person arrested in fact

committed the offense but whether the arresting officers had probable cause to believe the person

arrested had committed the offense.").

Under the Fourth Amendment, an arrest is permissible "where there is probable cause to

believe that a criminal offense has been or is being committed." Devenspeck v. Alford, 543 U.S.

146, 152 (2004). "[P]robable cause is a fluid concept-turning on the assessment of probabilities

in particular factual contexts [.]" Maryland v. Pringle, 540 U.S. 366, 371 (2003) quoting Illinois

v. Gates, 462 U.S. 213, 232 (1983). To determine whether a law enforcement officer had

probable cause to arrest, the district court must necessarily "examine the events leading up to the

arrest, and then decide 'whether these historical facts, viewed from the standpoint of an

objectively reasonable police officer, amount to' probable cause[.]" Pringle, 540 U.S. at 371,

quoting Ornelas v. United States, 517 U.S. 690, 696 (1996). See also Gates, 462 U.S. 213 (the

existence of probable cause is determined by looking at the totality of the circumstances).

"Whether probable cause exists depends upon the reasonable conclusion to be drawn

from the facts known to the arresting officer at the time of the arrest." Devenspeck, 543 U.S. at

152. The existence of probable cause is to be considered via a "common sense approach" based

on the totality of the circumstances, Paff v. Kaltenback, 204 F.3d 425, 436 (3d Cir. 2000), and

viewed from the perspective of an objectively reasonable police officer, Pringle, 540 U.S. at 371.

So then, the inquiry here is whether, based on the factual circumstances at the time of arrest, an

objectively reasonable law enforcement officer could have believed that there was probable

7

cause to arrest Plaintiff. This probable cause determination is necessarily a fact specific inquiry and there are no facts before this Court. Accordingly, Defendants' motion to dismiss will be denied.

### 2) The favorable termination requirement of *Heck v. Humphrey*

Defendants move to dismiss Plaintiff's complaint on the basis of the favorable termination requirement of  Heck v. Humphrey, 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486–87. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487. Thus, a court faced with a suit for damages under § 1983 must first "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his ... sentence." Id. If so, the complaint must be dismissed "unless the plaintiff can demonstrate that the ... sentence has already been invalidated." Id.

Defendants' reliance on *Heck* is misplaced as claims of false arrest are not automatically subject to its favorable termination requirement. See Brookins v. Bristol Tp. Police Dep't, 2016 WL 760246 (3d Cir. Feb. 25, 2016); Montgomery v. DeSimone, 159 F.3d 120, 126 n.5 (3d Cir. 1998); Nelson v. Jashurek, 109 F.3d 142, 145-46 (3d Cir. 1997); Gray v. Cline, 2015 WL 5472856 (W.D. Pa. Sept. 17, 2015). Defendants' motion to dismiss will be denied in this regard.

8

### 3) *Monell* Claim against the City of Erie

Next, Defendants move to dismiss the claim against the City of Erie.

"There is no *respondeat superior* theory of municipal liability, so a city may not be held vicariously liable under § 1983 for the actions of its agents." Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006) citing Monell v. Dep't of Social Serv., 436 U.S. 658, 691 (1978). Instead, "[a] local government may be sued under § 1983 only for acts implementing an official policy, practice or custom." Losch v. Borough of Parkesburgh, Pa., 736 F.2d 903, 910 (3d Cir. 1984) citing Monell, 436 U.S. at 690-91.

To establish a *Monell* claim against a municipal entity, a claimant must plead that: 1) the municipal entity had a policy or custom that deprived the plaintiff of his constitutional rights; 2) the municipal entity acted deliberately and was the moving force behind the constitutional deprivation; and 3) the plaintiff's injuries were caused by the identified policy or custom. Monell, 436 U.S. at 692-94.

Plaintiff has not pled any of the three elements against the City of Erie Police Department. The motion to dismiss will be granted in this regard.

### D. Plaintiff's Motion for Summary Judgment

Plaintiff has moved for summary judgment. The Federal Rules of Civil Procedure provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most

9

favorable to the party opposing summary judgment.  <u>Matsushita Elec. Indus. Co., Ltd. v.</u>

<u>Zenith Radio Corp.,</u> 475 U.S.  574, 587 (1986). Plaintiff's motion is premature in that no

evidence has been offered in this case. Plaintiff's motion will be dismissed without

prejudice.



      An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDRICK DEAN,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 15-97Erie** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF ERIE POLICE** | ) | |
| **DEPARTMENT, et al,** | ) | **Magistrate Judge Baxter** |
| **Defendant.** | ) | |

**O R D E R**

AND NOW, this 14th day of March, 2016;

IT IS HEREBY ORDERED that Defendants' motion to dismiss [ECF No. 11] be granted

in part and denied in part. The motion is granted in that Plaintiff has failed to plead a claim

against the City of Erie Police Department. The motion is denied in all other regards.

IT IS FURTHER ORDERED that the Clerk of Courts terminate City of Erie Police

Department as a Defendant to this action.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment [ECF No.

22] be dismissed without prejudice as premature.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge