# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDRICK DEAN, | ) | |
| Plaintiff, | ) | Civil Action No. 15-97 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ERIE POLICE DEPT, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

**M.J. Susan Paradise Baxter**

This civil rights action was filed in this Court on April 3, 2015. Plaintiff brought this civil rights action for false arrest under 42 U.S.C. §1983.

Plaintiff has failed to comply with the discovery requests of Defendant. Defendant filed two motions to compel discovery and Plaintiff was directed to file a response to those motions. By Order filed June 7, 2016, Plaintiff was directed to show cause for his failure to file a pretrial narrative statement, as well as his failure to file a response to Defendant's motions to compel discovery. While Plaintiff filed a pretrial narrative statement, he failed to file a response to the motions to compel.

By Order dated June 23, 2016, this Court directed Plaintiff to respond to the Defendant's discovery request by July 1, 2016. This Court further instructed that Defendant was to file a Notice to Court as to the receipt of those discovery materials. As of today's date, Defendant has notified this Court that Plaintiff has failed to comply with this Court's order compelling discovery.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

1

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court will dismiss this matter. Plaintiff has ignored Defendant's requests for discovery, Defendant's motions to compel discovery, and this Court's orders. Plaintiff's non-compliance in this regard seems willful as he has been given several opportunities to respond or voice his objections to the discovery requests, yet has failed to do so. Without Plaintiff's participation in the discovery process, this case cannot proceed. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this stage of the proceedings. Accordingly, this case will be dismissed due to Plaintiff's failure to prosecute.

An appropriate Order follows.